IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

KIMBERLY COUCH,                             )
                                            )
        Plaintiff,                          )
                                            )
v.                                          )        Case No. 2:25-cv-58-RAH-SMD
                                            )
KEVIN DAVIS, *et al.,*                      )
                                            )
        Defendants.                         )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On January 15, 2025, pro se Plaintiff Kimberly Couch ("Couch") filed a civil rights

complaint against Sergeant Kevin Davis ("Davis"), Sergeant Swanson ("Swanson"), and

Detective A. D. Payne ("Payne") (collectively, "Defendants") alleging that, on April 20,

2016, Defendants wrongfully arrested her, assaulted her, violated her procedural due

process rights, discriminated against her, and harassed her in violation of 42. U.S.C. § 1983.

Compl. (Doc. 1). After granting Couch's motion to proceed *in forma pauperis*, *see* Order

(Doc. 5), the undersigned directed Couch to file, on or before June 2, 2025, an amended

complaint that addressed certain pleading deficiencies set forth in the undersigned's Order.

(Doc. 6). Couch was specifically warned that **"her failure to comply with this order in**

**its entirety will result in a recommendation that this case be dismissed for failure to**

**prosecute this action and/or for failures to abide by orders of the Court."** *Id.* at 7

(emphasis in the original).

Federal Rule of Civil Procedure 41(b) allows dismissal of an action if the plaintiff

fails to prosecute or to comply with procedural rules or an order of the court. FED. R. CIV.

P. 41(b); *Gratton v. Great Am. Commc'ns,* 178 F.3d 1373, 1374 (11th Cir. 1999). "The court's power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir. 1985). But dismissal with prejudice is a severe sanction that is appropriate only "where there is a clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice." *Gratton,* 178 F.3d at 1374.

To date, Couch has not filed an amended complaint, and the deadline for doing so has passed. Further, other than filing the complaint and seeking leave to *proceed in forma pauperis*, Couch has taken no other action in this matter to indicate that she intends to pursue her claims. Couch's failure to comply with the undersigned's order to file an amended complaint or otherwise participate in the lawsuit she filed shows a lack of interest in its prosecution and because this case cannot proceed without Couch's participation, the undersigned finds that dismissal is appropriate. *See Tanner v. Neal*, 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of plaintiff's action for failure to file amended complaint in compliance with court's order and warning of consequences for failure to comply); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that dismissal for failure to obey a court order is generally not an abuse of discretion when a litigant has been forewarned); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) (acknowledging that the authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that a district court "possesses

the inherent power to police its docket" and that "sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice").

Accordingly, it is the

RECOMMENDATION of the undersigned Chief United States Magistrate Judge that Couch's complaint (Doc. 1) be DISMISSED without prejudice for failure to prosecute and abide by orders of the Court. Further, it is

ORDERED that the parties shall file any objections to this Recommendation **on or before July 10, 2025.**  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 26th day of June, 2025.

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE